UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Leroy Oliver Ruddock,                          Civil No. 11-2 (JRT/FLN)

                Petitioner,

v.                                        **REPORT AND RECOMMENDATION**

United States Citizenship and
Immigration Services,

                Respondent.

___

Leroy Oliver Ruddock Petitioner *pro se*.
Patricia E. Bruckner for Respondent.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on Petitioner's Motion to Stay Pending Petition for Review (ECF No. 8). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Plaintiff's Motion to Stay Pending Petition for Review be **DENIED**.

### I. BACKGROUND

Petitioner Leroy Oliver Ruddock ("Petitioner") filed an application for naturalization, Form N-400, which was denied by the United States Citizenship and Immigration Services ("USCIS") on December 6, 2006. (ECF No. 1, Exhibit 1 at 1.) Petitioner sought administrative review of the denial, and USCIS administratively affirmed the denial of Petitioner's application for naturalization on June 6, 2007. *Id.* USCIS found that Petitioner had not established that he was a person of good moral character because he had failed to support his children. *Id.* at 3. Petitioner now seeks review under 8 U.S.C. § 1421(c) of the denial of his application for naturalization. (ECF No. 1, Petition.)

Following the denial of his application for naturalization, on January 29, 2008, Petitioner was

convicted in Scott County District Court in Shakopee, Minnesota, of Criminal Sexual Conduct in the Third Degree and Criminal Sexual Conduct in the Fifth Degree. (ECF No. 16, Van Amber Decl., Ex. 2 at 1.) Petitioner was sentenced to 48 months imprisonment and ordered to register as a sex offender. *Id.* The Department of Homeland Security then placed Petitioner in removal proceedings, charging Petitioner with being removable as an alien convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). (Van Amber Decl., Ex. 1.) On January 26, 2011, an immigration judge denied Petitioner's motion to terminate removal proceedings, and on March 7, 2011, Petitioner was ordered removed from the United States to Jamaica. (Van Amber Decl., Ex. 2, 3.) Petitioner then appealed his removal to the Board of Immigration Appeals. (Van Amber Decl., Ex. 4.)

Petitioner now brings a Motion to Stay Pending Petition for Review, which this Court construes as a motion to enjoin his removal, pending resolution of this appeal of the 2006 denial of naturalization.

## II. LEGAL ANALYSIS

The Court finds that it does not have jurisdiction to issue the requested injunction. This matter is governed by 8 U.S.C. § 1252(f)(2), which provides:

> Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law.

Under Section 1252(f)(2), this Court lacks jurisdiction to enjoin Petitioner's removal unless Petitioner has shown by clear and convincing evidence that such order is prohibited as a matter of law.

Petitioner argues that this Court has jurisdiction to enjoin his removal under *Nken v. Holder*, 129 S. Ct. 1749 (2009). In that case, the Supreme Court held that an alien need not satisfy the

demanding standard of Section 1252(f)(2) when seeking a stay of removal from a court of appeals pending that court's judicial review of the removal order . *Nken*, 129 S. Ct. At 1760.  The Court distinguished between a stay, the traditional power of courts of appeals to hold an order in abeyance pending review of the legality of the order, and an injunction. *Id.* at 1757-1758.  The Court held that while injunctions were governed by Section 1252(f)(2), stays are governed by a traditional standard comprised of four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 1761 (citing *Hilton v. Braunskill*, 481U.S. 770, 776 (1987)).  Petitioner argues that this case should be governed by the traditional standard for issuing a stay, as articulated in *Nken*, rather than the standard for an injunction provided in Section 1252(f)(2).

The Court finds that *Nken* is inapplicable in this case, as Petitioner is seeking precisely the type of relief governed by Section 1252(f)(2). Petitioner is seeking an injunction against his removal from a district court as part of a suit for review of a naturalization denial, rather than seeking a stay of removal from a court of appeals pursuant to an appeal of the removal order itself.  If Petitioner appeals a final order of removal to the Eighth Circuit Court of Appeals, Petitioner may ask that court for a stay of removal.  Before this Court, Petitioner may only seek an injunction under Section 1252(f)(2).[1]

---

[1] The distinction between the power of a court of appeals to issue a stay incidental to the appeal of a final order of removal, and the power of a district court to enjoin removal as part of a separate proceeding, is consistent with the overall scheme of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), which eliminated habeas review for removal orders and vested the sole review of such orders in the courts of appeals. *See, e.g.* 8 U.S.C. § 1225(g) ("Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including

Under Section 1252(f)(2), this Court lacks jurisdiction to grant an injunction unless Petitioner shows by clear and convincing evidence that the execution of his final order of removal is prohibited as a matter of law. Petitioner was ordered removed pursuant 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony. Petitioner has presented no evidence that his removal as an alien convicted of an aggravated felony is prohibited as a matter of law.

Section 1252(f)(2) "sharply restricts the circumstances under which a court may issue an injunction blocking the removal of an alien from this country," *Nken*, 129 S. Ct. At 1754, and because those circumstances are not present here, the Court does not have jurisdiction to consider Petitioner's request for an injunction.

Finally, the Court notes that it received notice from Defendant that Petitioner was removed to Jamaica on September 29, 2011, rendering Petitioner's motion moot.

## IV.  RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Motion to Stay Pending Petition for Review (ECF No. 8) be **DENIED**.

DATED: October 7, 2011                    *s/ Franklin L. Noel*
                                          FRANKLIN L. NOEL
                                          United States Magistrate Judge

---

section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."); 8 U.S.C. § 1252(a)(2)(D) ("Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.").

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 24, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **October 24, 2011,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.