UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Leroy Oliver Ruddock,                                          Civil No. 11-2 (JRT/FLN)

                          Petitioner,

        v.                                                     **REPORT AND
                                                               RECOMMENDATION
                                                               & ORDER**

United States Citizenship and
Immigration Services,

                          Respondent.
_____

Leroy Oliver Ruddock Petitioner *pro se*.
Patricia E. Bruckner for Respondent.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on
Respondent's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6)
(ECF No. 23). The matter was referred to the undersigned for Report and Recommendation
pursuant to 28 U.S.C. § 636 and Local Rule 72.1. (ECF No. 27.) For the reasons which follow, this
Court recommends that Respondent's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and
Fed. R. Civ. P. 12(b)(6) (ECF No. 23) be **GRANTED**.

## I.     BACKGROUND

Petitioner Leroy Oliver Ruddock ("Petitioner") filed an application for naturalization, Form
N-400, which was denied by the United States Citizenship and Immigration Services ("USCIS") on
December 6, 2006. (ECF No. 1, Exhibit 1 at 1.) Petitioner sought administrative review of the
denial, and USCIS administratively affirmed the denial of Petitioner's application for naturalization
on June 6, 2007. *Id.* USCIS found that Petitioner had not established that he was a person of good
moral character because he had failed to support his children. *Id.* at 3.

Following the denial of his application for naturalization, on January 29, 2008, Petitioner was

convicted in Scott County District Court in Shakopee, Minnesota, of Criminal Sexual Conduct in

the Third Degree and Criminal Sexual Conduct in the Fifth Degree.  (ECF No. 16, Van Amber Decl.,

Ex. 2 at 1.)  Petitioner was sentenced to 48 months imprisonment and ordered to register as a sex

offender.  *Id.*  The Department of Homeland Security then placed Petitioner in removal proceedings,

charging Petitioner with being removable as an alien convicted of an aggravated felony under 8

U.S.C. § 1227(a)(2)(A)(iii).  (Van Amber Decl., Ex. 1.)  On January 26, 2011, an immigration judge

denied Petitioner's motion to terminate removal proceedings, and on March 7, 2011, Petitioner was

ordered removed from the United States to Jamaica.  (Van Amber Decl., Ex. 2, 3.)  Petitioner then

appealed his removal to the Board of Immigration Appeals.  (Van Amber Decl., Ex. 4.)  On

September 29, 2011, Petitioner was removed to Jamaica.  (ECF No. 28, O'Denius Decl. Ex. 1.)

After being placed in removal proceedings, but prior to his actual removal, Petitioner filed

a petitioner under 8 U.S.C. § 1421(c) requesting review of the 2007 denial of his application for

naturalization.  (ECF No. 1, Petition.)  Respondent now brings a motion to dismiss for lack of

subject matter jurisdiction and for failure to state a claim.

## II.  LEGAL ANALYSIS

The Court finds that dismissal is appropriate because Petitioner has not stated a claim upon

which relief can be granted.  In considering a motion to dismiss for failure to state a claim under

Federal Rule of Civil Procedure 12(b)(6), the district court must "accept the factual allegations of

the complaint as true." *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 503 (8th Cir. 2009).  "The court may

consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the

pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir.

2010).  Dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their

legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and

trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).

Petitioner brings this case pursuant to 8. U.S.C. § 1421(c), which provides:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides . . . . Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

Pursuant to § 1421(c), Petitioner seeks an order directing Respondent to grant him citizenship.

However, 8 U.S.C. § 1429 states, "[N]o person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act." Mr. Ruddock has now been removed from the United States pursuant to a final order of removal. (O'Denius Decl. Ex. 1.) Petitioner is therefore statutorily ineligible for naturalization. The prohibition on naturalizing any person against whom there is a final finding of deportability contained in § 1429 prevents this Court from granting Petitioner relief under § 1421(c). *See Zayed v. United States*, 368 F.3d 902, 906 (6th Cir. 2004); *Ajlani v. Chertoff*, 545 F.3d 229, 239-41 (2d Cir. 2008); *Bellajaro v. Schiltgen*, 378 F.3d 1042, 1046-47 (9th Cir. 2004.) As Petitioner has failed to state a claim upon which relief can be granted, it is recommended that Respondent's motion to dismiss be granted.

### III.   RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.       Respondent's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R.

Civ. P. 12(b)(6) be (ECF No. 23) be **GRANTED**,

2.       This case be **DISMISSED with prejudice**, and

3.       **JUDGMENT BE ENTERED ACCORDINGLY**.

## IV.   ORDER

Petitioner previously filed a motion to amend his pleading, which was taken under advisement by the Court.  (ECF No. 10.)  Petitioner sought to amend his prayer for relief from a request for an order directing Respondents to grant him citizenship, to a request that the Court "declare him *prima facie* eligible for naturalization but for the pending removal proceeding." (ECF No. 11, Mem. In Supp. Mot. To Amend at 3.)  As described above, Petitioner has been removed from the United States and is now statutorily ineligible for naturalization.  The Court is therefore unable to grant him the declaratory relief he proposes in his motion to amend.  Therefore, **IT IS HEREBY ORDERED** that Petitioner's Motion to Amend (ECF No. 10) is **DENIED.**


DATED: December 23, 2011                              *s/ Franklin L. Noel*
                                                      FRANKLIN L. NOEL
                                                      United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 10, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.